UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORETTA M. POWELL,
          Plaintiff,

vs.                                         Case No. 8:04-CV-2587-T-27EAJ

MMG TRANSPORTATION INC. and
HILLSBOROUGH COUNTY PUBLIC
TRANSPORTATION COMMISSION,
          Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Hillsborough County Public Transportation Commission's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief can be Granted or Alternatively Motion for Summary Judgment (Dkt. 11).[1] Upon consideration, it is

**ORDERED AND ADJUDGED** that Defendant's motion to dismiss (Dkt. 11) is **GRANTED**. Hillsborough County Public Transportation Commission is dismissed from this case because Plaintiff failed to exhaust her administrative remedies prior to filing suit.[2]

A plaintiff alleging a claim for discrimination in violation of Title VII must exhaust certain administrative remedies before filing suit. *See E.E.O.C v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265 (11th Cir. 2002). The administrative process is initiated by timely filing a charge of discrimination. *Id.* (citations omitted). "Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." *Virgo v. Riveria Beach Associates, Ltd.*, 30 F.3d 1350, 1358-59 (11th Cir.

---

[1] Plaintiff did not respond to Defendant's motion.

[2] Defendant contends this court lacks subject matter jurisdiction over Plaintiff's claim because it is not an "employer" as that term is defined under Title VII, 42 U.S.C. § 2000e(b). Defendant's factual attack on subject matter jurisdiction permits this Court to look at matters outside the four corners of the complaint. It is unnecessary to look beyond Plaintiff's pleading, however, as from the face of the complaint dismissal is appropriate on other grounds.

1994) (citations omitted). "This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." *Id.* However, "[w]here the purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts." *Id.*

Here, Plaintiff attached a copy of the Dismissal and Notice of Rights letter to the complaint but did not attach a copy of her EEOC charge. The Notice of Rights letter copies MMG Transportation only. Hillsborough County Public Transportation Commission is not referenced in the letter and presumably was not provided a copy.[3] The purpose of the Act is not fulfilled where the defendant is not provided notice of the discrimination allegations and is denied the opportunity to participate in the process. *See Hamm v. Members of the Board of Regents*, 708 F.2d 647, 650 (11th Cir. 1983); *see also Olmsted v. Defosset*, 205 F.Supp.2d 1316, 1323-24 (M.D. Fla. 2002). Accordingly, this Court cannot conclude the purposes of the Act were fulfilled and Plaintiff's failure to exhaust her administrative remedies warrants dismissal.

**DONE AND ORDERED** in chambers this /sr day of June, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[3] The County's representation that it was not provided notice of Plaintiff's Charge is undisputed by Plaintiff.

2